IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sheila and Thomas Kraus, | ) Case No. 2:19-cv-1589 |
| Plaintiffs, | ) **CLASS COMPLAINT AND TRIAL BY** |
| | ) **JURY DEMAND** |
| vs. | ) |
| Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A., | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.  Plaintiffs Sheila and Thomas Kraus ("Plaintiffs") bring this action against Defendant Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Plaintiffs have Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiffs to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries

that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

7. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

8. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

9. Plaintiffs are natural persons who at all relevant times resided in Logan, Ohio.

10. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiffs are natural persons allegedly obligated to pay a debt.

14. Plaintiffs' alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal residential mortgage (the "Debt").

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. In connection with the collection of the Debt, Defendant sent Plaintiffs written communication dated January 23, 2019.

18. A true and correct copy of the January 23, 2019 letter is attached as Exhibit A.

19. The January 23, 2019 letter was Defendant's initial communications with Plaintiffs.

20. The January 23, 2019 letter states: "U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for REO Trust 2017-RPL1. C/O Rushmore Loan Management Services LLC is the creditor to whom the debt is owed." Exhibit A.

21. Upon reading the January 23, 2019 letter, the least sophisticated consumer would be uncertain as to the identity of the current creditor.

## CLASS ALLEGATIONS

22. Plaintiffs repeat and re-allege the factual allegations above.

23. Defendant's January 23, 2019 letter is based on a form or template (the "Template").

24. Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Ohio in the year prior to the filing of this action.

25. Plaintiffs bring this action on behalf of themselves and all others similarly situated. Specifically, Plaintiffs seek to represent the following class:

> All individuals in the State of Ohio to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a consumer debt, an initial letter based on the Template.

26. The class is averred to be so numerous that joinder of members is impracticable.

27. The exact number of class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

28. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

29. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

30. The claims of Plaintiffs are typical of the claims of the class they seek to represent.

31. The claims of Plaintiffs and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

32. Plaintiffs possess the same interests and has suffered the same injuries as each class member. Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed class members.

33. Plaintiffs will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

34. Plaintiffs are willing and prepared to serve this Court and the proposed class.

35. The interests of Plaintiffs are co-extensive with and not antagonistic to those of the absent class members.

36. Plaintiffs have retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiffs and all absent class members.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the class

who are not parties to the action or could substantially impair or impede their ability to protect their interests.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

41. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and

(c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

42. Plaintiffs repeat and re-allege each and every factual allegation above.

43. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

44. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

45. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

46. "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from

which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

47. "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016) (Finding that there was a genuine issue of material fact as to whether "Emergency Servi." effectively conveyed the identity of the creditor, Emergency Services Medical Corporation); *see also Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

48. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

49. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to effectively convey the identity of the current creditor in its initial communication with Plaintiffs or in writing within five days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiffs as a class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiffs and the class they seek to represent;

c) Awarding Plaintiffs and the class they seek to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiffs and the class they seek to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiffs and the class they seek to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

50. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated April 23, 2019

                                             s/Ira A. Richardson
                                             Ira A. Richardson
                                             Ohio Bar No. 0092691
                                             The Law Office of Ira Richardson, PLLC
                                             514 Persimmon Lane
                                             Bridgeport, WV 26330
                                             Telephone; (888) 595-9111
                                             Facsimile: (866) 317-2674
                                             IRichardson@consumerlawinfo.com
                                             Counsel for Plaintiffs

                               Co-counsel with Thompson Consumer Law Group, PLLC

                                             5235 E. Southern Ave. D106-618
                                             Mesa, AZ 85206